UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-80-RJC-DSC

| ROXIE ANN DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CHERYL MORRIS, PAM MAY, CONNIE JELLIFFE, | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of the pro se Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

The Court first considers Plaintiff's motion to proceed in forma pauperis. Plaintiff asserts in her application to proceed in forma pauperis that she is unemployed, and that she receives income in the form of rental income of $250 (presumably per month), an annuity of $59 per month, and food stamps. (Doc. No. 2 at 1). She also states that she receives "help from [a] friend." (Id.). Plaintiff further asserts that she has no money in cash or in any financial accounts. (Id. at 2). Based on Plaintiff's application, the Court finds that Plaintiff appears to lack sufficient funds with which to pay the filing fee. Therefore, the Court will grant Plaintiff's motion to proceed in forma pauperis.

**I.  BACKGROUND**

Pro se Plaintiff Roxie Ann Davis, a resident of Cornelius, North Carolina, filed this

action on February 19, 2015, against the following Defendants: (1) Cheryl Morris, alleged to be a resident of New York; (2) Connie Jelliffe, alleged to be a resident of Clinton, Mississippi, and identified as Defendant Morris's attorney; and (3) Pam May, alleged to be a resident of Yazoo City, Mississippi, and identified as a "County Justice Court Judge." (Doc. No. 1 at 2). Plaintiff asserts that jurisdiction is proper based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.[1]

In this action, Plaintiff purports to bring North Carolina state law claims for conversion and tortious interference with contract against Defendants. In support of her claims, Plaintiff alleges that she is the "title holder" to real property located at 760 W. Jefferson St., Yazoo City, Mississippi, and that Defendants are attempting to convert the property to their own use and attempting to interfere with a contract between Plaintiff and the tenants of the property. Plaintiff alleges that, in 2001, the property was "abandoned by Order of the Federal Bankruptcy Court for the Western District of North Carolina." (Doc. No. 1 at 1). Plaintiff alleges that the property at issue "is registered in the Superior Probate Court in Mecklenburg County North Carolina as the Property of [Plaintiff] as beneficiary to Vivian Davis who along with William Morris late did encumber the property to BB&T a North Carolina banking institution." (Id.).

Plaintiff alleges that on February 15, 2015, Defendants Morris and Jelliffe "filed a summon in the Justice Court of Yazoo County Mississippi, before the Defendant, Pam May seeking to evict the legal tenants and to take control and seize the above-mentioned property from Plaintiff's possession and convert the same to Cheryl Morris['s] own use under the cover of

---

[1] Although there does appear to be complete diversity of citizenship in this action, it is not so clear on the face of the Complaint, aside from Plaintiff's conclusory allegations regarding the amount of damages, whether the amount in controversy exceeds $75,000. Nevertheless, because the Court is dismissing this action on grounds other than subject matter jurisdiction, the Court need not address further the issue of jurisdiction under § 1332.

probate." (Id. at 3).

Plaintiff alleges that she is the "title holder" to the property at issue and that on or about February 15, 2015, she "was and still is entitled to the possession" of the property. (Id.). Plaintiff alleges that she sent a letter to Defendants Morris and Jelliffe to cease and desist "immediately against the tenants of the above-mentioned property."[2] (Id. at 4). Plaintiff alleges that Defendants have "failed and refused, to stop interfering with the property and to stop harassing the tenants who have a legal[ly] binding contract" with Plaintiff. (Id.). Plaintiff states that the "core issue of the complaint is the jurisdiction of the Federal Bankruptcy Court over the County Justice Court of Yazoo, and is the Defendant, Pam May liable for ignoring the same and moving forward with eviction of tenants who ha[ve] a legal binding contract to the title holder of the property, Plaintiff." (Id. at 1). Plaintiff seeks compensatory and punitive damages against Defendants. (Id. at 5). Plaintiff also seeks from this Court a "judgment against Defendant Pam May to honor the Judgment of the Federal Bankruptcy Court in and for the Western District of North Carolina." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

---

[2] Plaintiff states that she attached the letter as Exhibit A to her Complaint, but the Court finds no such letter in the docket.

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.   DISCUSSION

Here, Plaintiff is attempting to challenge an ongoing, tenant eviction action in Mississippi state court. Among other things, Plaintiff seeks an order from this Court requiring a state court judge in Yazoo County, Mississippi—Defendant May—to "honor the Judgment of the Federal Bankruptcy Court in and for the Western District of North Carolina," which purportedly found that the property at issue had been "abandoned," resulting ultimately in Plaintiff being the title holder to the property. (Id. at 4). Under the principles announced in Younger v. Harris, 401 U.S. 37 (1971), this federal court declines to interfere with an ongoing, tenant eviction action in Mississippi state court.[3] Thus, this action is dismissed.[4]

### IV.   CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.   Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

---

[3] Abstention under Younger v. Harris is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). All of the requirements are met for Younger abstention in this lawsuit. Specifically, the Court sees no reason why Plaintiff could not move to intervene as an interested party in the Mississippi eviction action.

[4] Furthermore, Defendant May enjoys absolute judicial immunity from suit. See Imbler v. Pachtman, 424 U.S. 409, 419 (1976).

2. This action is **DISMISSED** without prejudice.

Signed: March 3, 2015

Robert J. Conrad, Jr.
United States District Judge