UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-80-RJC-DSC

| | |
|---|---|
| ROXIE ANN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHERYL MORRIS, | ) |
| PAM MAY, | ) **ORDER** |
| CONNIE JELLIFFE, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Roxie Davis. (Doc. No. 5).

On February 19, 2015, Plaintiff filed the underlying action, bringing state law claims against Defendants for conversion and tortious inference with contract. (Doc. No. 1). Plaintiff essentially complained in her Complaint that Defendants were wrongfully engaged in a state court eviction proceeding in Mississippi, in which Defendants were attempting to evict tenants who were living in property that was owned by Plaintiff. In an Order dated March 3, 2015, this Court dismissed the action without prejudice based on abstention principles under Younger v. Harris, 401 U.S. 37 (1971). (Doc. No. 3).

On March 30, 2015, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the

1

Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when she filed her Complaint, nor does her motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to her. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 5), is **DENIED**.

Robert J. Conrad, Jr.
United States District Judge